MOSES SINGER, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Assault with intent to commit a rape — 3 Rev. Stat. (6th ed), 938, § 49 — consent of child under ten years of age.*

In an indictment under the statute providing that every person who shall be convicted of an assault with the intent to commit robbery, burglary, *rape*, manslaughter, etc., shall be punished as therein provided, it is sufficient to allege that an assault was made upon a female child, "with intent then and there, willfully and feloniously, to commit a rape against the form of the statute," etc., and it is not necessary to allege that the intent was to "carnally and unlawfully know" the said child.

Where an assault with intent to commit rape is made upon a female child under the age of ten years, the fact that she assented thereto does not alter the nature of the crime or diminish the guilt of the accused.

WRIT of error to the Court of General Sessions of the city and county of New York, to review the conviction of the plaintiff in error of an assault with an intent to commit a rape.

*W. F. Howe*, for the plaintiff in error.

*B. K. Phelps* and *Horace Russell*, for the defendants in error.

DAVIS, P. J.:

The prisoner was indicted for an assault with intent to commit a rape. There are two counts in the indictment; the first count charges that the prisoner, willfully and feloniously, made an assault and battery upon one Statia Gluth, she being then and there a female child, under the age of ten years, to wit, of the age of six

years, with intent willfully and feloniously to ravish and carnally know her, against the form of the statute, etc.

The second count charges an assault upon the same person ; she then and there being a female child of the age of six years, with intent then and there in and upon her, the said Statia Gluth, by force and violence to then and there willfully and feloniously commit a rape, against the form of the statute, etc.

The jury found the prisoner guilty under the second count of the indictment. The point was made on the trial, and the court was asked in substance to charge that there could be no conviction under the second count, because the intent was not alleged to be, *carnally and unlawfully to know the child.* The court overruled the point, and refused to charge as requested, and an exception was taken.

The language of the statute under which the second count of the indictment was framed, is as follows : " Every person who shall be convicted of an assault with the intent to commit any robbery, burglary, rape, manslaughter, or any other offense, punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in a State prison for a term not exceeding five years, or in a county jail not exceeding one year, or by a fine, not exceeding $500, or by both such fine and imprisonment." (2 R. S., 666, § 39 ; 3 id. [6th ed.], 938, § 49.) We think that under this statute the offense was sufficiently charged in the second count of the indictment.

The charge is, that the prisoner, "with force and arms, in and upon the said Statia Gluth, she the said Statia Gluth being then and there a female child under the age of ten years, to wit, of the age of six years, willfully and feloniously made an assault with intent then and there in and upon her, the said Statia Gluth, by force and violence to then and there willfully and feloniously to commit a rape, against the form of the statute," etc. The crime of rape, where the subject thereof is an infant child is, by statute, "the carnally and unlawfully knowing a female child under the age of ten years." Inasmuch as the indictment charges a felonious assault upon a female child of the age of six years, with the intent willfully and feloniously to commit a rape, we think the facts constituting the offense are set forth with sufficient particularity. It would perhaps be better pleading in such a case, to allege the

intent to have been to carnally and unlawfully know a female child under the age of ten years; yet that was not necessary, although the proof must establish the intent to have been to accomplish an act within the description of the statute. The statute in relation to the assault uses the word "rape," and it seems to us only necessary, in connection with that word, to specify the circumstances of the crime charged, in such manner that the accused cannot be misled in respect of the matters intended to be proved; and that is fully accomplished by the count of the indictment in question.

The child in this case testified to her own age, stating that she was between six and seven years; and no point was made on the trial as to the sufficiency of this evidence. Further proof could readily have been supplied if any question had been suggested, and for that reason it is not competent now to object to the sufficiency of the proof on that subject.

It appeared by her testimony that the child consented to the acts done by the prisoner, and it is insisted that where there is consent there cannot be an assault in law. This point is completely covered by the case of *Hays* v. *The People* (1 Hill, 351). In that case the prisoner was indicted and convicted of an assault with intent to commit a rape upon a female child under ten years of age, and the court held that "the assent of such an infant being void as to the principal crime, is equally so in respect to the incipient advances of the offender. That the infant consented to, or even aided in the prisoner's attempt, cannot therefore, as in the case of an adult, be alleged in his favor, any more than if he had consummated his purpose." A female child, under ten years of age, is incapable in law of consenting to the act which constitutes rape under the statute, and hence the question of consent becomes wholly immaterial on the trial of an indictment, either for the principal offense, or for an attempt to commit the crime. The absence of consent is not an element in the crime of rape when committed upon a female under ten years of age, and its presence is wholly immaterial. It is illogical therefore to say that the presence of consent is material where the offense charged is an assault with intent to commit a crime in which that element is in every sense immaterial. In changing the common law of rape in such cases, we think the legislature have necessarily changed the offense of assault with

intent to commit that crime, so far as it could be affected by proof of consent by the infant.

In this case the child, in giving her testimony, made statements which if received and credited precisely as given, tended to establish that the crime of rape was actually perpetrated. The court was asked by the prisoner's counsel to charge that if any thing was proved it was rape, and that the prisoner could not be convicted of the crime charged in the indictment because the principal offense was proved to have been committed. The court held that the jury had a right to find upon the evidence a lesser offense than that of rape, and that it was for the jury to say if the offense charged in the indictment had been sustained.

The court was not asked to instruct the jury, that if they found that a rape was actually perpetrated there could be. no conviction under the statute for an assault with intent to commit that crime; but the request was in substance that the case be wholly taken away from the jury upon the evidence, the court determining that the crime of rape was as a matter of fact, established by the evidence. We think under the circumstances of the case that it was no error for the court to decline to do this. The jury had the child before them. They had proof of her age, and were entitled to judge from her manner and appearance, and the description which she gave of what occurred, whether or not she intended to testify, and whether she knew, that the alleged intent of the prisoner was so fully consummated, as to constitute the crime of rape. She stated facts also, quite inconsistent with the idea of the complete penetration of her person which she seemed to think had taken place ; and the extreme youth of the child and all the surrounding circumstances as described by herself and the other girl who was present, seem to us to have justified the jury in finding that nothing more than an attempt to have carnal connection was committed. We do not see in the case any substantial error that would justify us in interfering with the conviction and judgment.

The judgment should, therefore, be affirmed.

BRADY and INGALLS, JJ., concurred.

Judgment affirmed.